IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROLLAND WRIGHT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:26-cv-3472-B (BT) |
| | § | |
| FNU LNU, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pro se plaintiff Rolland Wright filed a document that has been construed as a civil rights complaint against unspecified defendants. Compl. (ECF No. 2). For the following reasons, the District Judge should dismiss Wright's construed complaint with prejudice for failure to state a claim upon which relief can be granted.

**Background**

On September 29, 2026, Wright filed a document that has been construed as a civil rights complaint. Compl. The construed complaint is incoherent and difficult to decipher. It appears to present a stream of consciousness narrative that fails to allege an identifiable cause of action. *Id.* The construed complaint contains copies of Wright's library card, a five-dollar bill, a restaurant receipt, and a page from an apparent legal treatise or other explanatory document concerning the Sarbanes-Oxley Act of 2002, the Civil Rights Act of 1866, Title VII of the Civil

Rights Act of 1964, and the Uniformed Services Employment and Reemployment Rights Act. *Id.* at 5-6.

**Legal Standards**

Because Wright did not pay the filing fee, the Court presumes that he seeks leave to proceed *in forma pauperis*. His construed complaint is therefore subject to screening under 28 U.S.C. § 1915(e)(2)(B), which allows a district court to summarily dismiss a complaint if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim is factually frivolous when the factual contentions are "clearly baseless." *Id.* This includes claims that describe "fantastic" or "delusional" scenarios, or which "rise

to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citation omitted).

**Analysis**

The Court must always liberally construe pleadings filed by pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting pro se pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); FED. R. CIV. P. 8(e) ("Pleadings must be construed as to do justice."). But even under the most liberal construction, Wright's construed complaint fails to state a viable legal claim or anything that can be construed as such. The construed complaint's only connection to cogent legal principles appears to be a copy of a page from a legal treatise listing statutes. Compl. at 6. But a complaint that merely lists federal statutes without coherent supporting factual allegations fails to state claim upon which relief can be granted and is subject to dismissal. *See*, *e.g.*, *Helaire v. Houston Police Dep't*, 2026 WL 1616018, at *6 (S.D. Tex. May 14, 2026) ("[M]ere citations, unconnected to specific factual allegations, fail to state any plausible basis for relief."); *Smith v. Kliebert*, 2015 WL 4875988, at *4 (E.D. La. Aug. 12, 2015) ("Regarding Plaintiff's claims under federal law, the Court agrees with Defendants that Plaintiff has failed to state a claim upon which relief can be granted. The Court finds that the Complaint only includes conclusory allegations and a general listing of federal statutes that are not connected to any specific facts and do not appear to state a cognizable claim.").

Therefore, Wright's construed complaint should be dismissed with prejudice as frivolous.

## Leave to Amend

Ordinarily, a pro se plaintiff should be granted leave to amend his complaint before dismissal, but dismissal is warranted when he has already pleaded his "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009).

Here, as explained, Wright has failed to state or suggest a cognizable claim or any facts from which a cognizable claim could be inferred. Based on the most deferential view of his complaint, it is highly unlikely that, given the opportunity, Wright could allege cogent and viable legal claims. Thus, granting leave to amend under these circumstances would be futile and cause needless delay. But, notwithstanding this finding, the 14-day objection period to object to this recommendation (explained below) provides Wright with an additional opportunity to plead his best case and explain how he could amend his complaint to assert a viable legal claim.

## Recommendation

The District Judge should dismiss Plaintiff Rolland Wright's complaint with prejudice under 28 U.S.C. § 1915(e)(2)(B) and instruct the Clerk to close this case.

**SO RECOMMENDED.**

October 9, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district judge, except upon grounds of plain error. *See* *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).